# IN THE COURT OF APPEALS OF IOWA

No. 22-1877
Filed February 22, 2023

**IN THE INTEREST OF L.P.,**
**Minor Child,**

**A.P., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Monona County, Mark C. Cord III, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Debra S. De Jong of De Jong Law, P.C., Orange City, for appellant father.

Brenna Bird, Attorney General, and Mackenzie L. Moran and Ellen Ramsey-Kacena (until withdrawal), Assistant Attorneys General, for appellee State.

Michelle M. Hynes of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Badding and Buller, JJ.

**BOWER, Chief Judge.**

A father appeals the termination of his parental rights to L.P., born in February 2022.[1] The only issue asserted on appeal is whether the juvenile court should have given the father additional time to reunite with the child. On our de novo review, *see In re A.A.G.*, 708 N.W.2d 85, 90 (Iowa Ct. App. 2005), we affirm.

The family had been under the supervision of the department of health and human services (department) since December 2020; the mother tested positive for methamphetamine when she gave birth to L.P.'s older sibling.[2] The mother admitted using methamphetamine throughout her pregnancy with L.P., including the day L.P. was born.

The child has serious medical issues requiring specialists and consistent care. Even after intervention by the department, the father did not feed the child appropriately during visits; sometimes forgot to bring a bottle; and frequently needed reminders to feed, change, or otherwise interact with the child. The father did not seem to know what to do with the child during visits.

The father lives with his parents and two siblings in a one-bedroom camper. He was offered help to obtain a residence of his own but but did not follow through. When he had an apartment earlier in 2022, the mother frequently stayed with him. The parents exhibited a lack of boundaries and violated a no-contact order multiple times; the father did not respond appropriately when the mother failed to take her medications, lashed out, or took illegal drugs. At the termination hearing, the father

---

[1] The mother's parental rights were also terminated; she does not appeal.
[2] The parents' rights were terminated to the older child. *In re R.M.*, No. 22-1595, 2022 WL 16986204, at *1 (Iowa Ct. App. Nov. 18, 2022).

was wearing an engagement ring and testified he plans to continue his relationship with the mother.

The father lost his job in spring 2022 when he failed to show when scheduled. He obtained new employment just before the termination hearing in October. He struggles with appropriate budgeting and does not prioritize necessities. He participated in some recommended SafeCare programming but failed to implement the parenting skills he was taught. He admitted needing mental-health assistance but did not follow through to find a provider. The father does not have regular transportation, relying on others or driving without a license.

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(d), (g), (h), and (i) (2022). The father does not contest that grounds for termination exist; he only appeals the court's denial of an additional six months to achieve reunification.

To grant an extension of time for reunification, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes" providing a basis to determine the need for removal will no longer exist at the end of the additional six months. Iowa Code § 232.104(2)(b); *A.A.G.*, 708 N.W.2d at 92. The juvenile court considered the father's request for additional time but determined, "Six more months will not change anything."

The father has been involved with departmental services since 2020—first with respect to L.P.'s sibling, and continuing with respect to L.P. Despite knowing he would need a safe and stable home for the child, the father did not take steps to obtain housing with adequate space for the child. He struggled with taking care of the child during his supervised visits even after eight months, which does not

weigh in favor of his ability to care for the child on a long-term basis. He also intends to maintain his relationship with the mother, despite the harm she has caused the child through drug use during pregnancy, her continued untreated addictions, and mental-health struggles. We are unable to find an additional six months would have any impact on the father's ability to meet the child's needs and provide a safe and stable home for the child. We affirm the juvenile court's termination of the father's parental rights.

**AFFIRMED.**